STATE V. SAMUEL ALLEN MOFFITT.

*(September* 23, 1953.)

TERRY, J., sitting.

*Henry J. Ridgely*, Deputy Attorney-General, for the State.

*Ernest V. Keith* for the defendant.

Superior Court for Kent County, No. 17, April Term, Criminal Action, 1953.

TERRY, J., charged the jury in part as follows:

The Grand Jurors of this County have found and returned a true bill of indictment against Samuel Allen Moffitt, late of Kenton Hundred, this County, charging him with having operated a motor vehicle upon Highway 300 in this County on the 6th day of January of this year at a rate of speed that was greater than reasonable and prudent, to wit, 63 miles per hour in a speed zone limited to 50 miles per hour, against the form of an Act of the General Assembly in such case made and provided, and against the peace and dignity of the State.

The pertinent statutes of this State in respect to the foregoing indictment are as follows:

Section 4125 of Title 21 of the *Delaware Code of* 1953, recites in part as follows:

"No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing."

Section 4126 of Title 21 of the *Delaware Code of* 1953, recites in pertinent part as follows:

"Where no special hazard exists, the following speeds shall be lawful, but any speed in excess of such limits shall be absolute evidence that the speed is not reasonable or prudent and that it is unlawful—

"(1) Passenger vehicles and self propelled passenger busses:

\*    \*    \*    \*    \*    \*

"(C) 50 miles per hour under other conditions on two lane roads".

Thus it is clear that under the foregoing sections no person shall operate a vehicle on a highway at a speed that is greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, and that where no hazards exist the operation at a rate of speed greater than 50 miles per hour on a two lane road shall be absolute evidence that the speed is not reasonable or prudent, and that such an operation is unlawful.

The State contends that the defendant was operating his motor vehicle, to wit, a taxicab, near the town of Kenton in this County on Route 300 the same being a two lane highway, on the date alleged at a rate of speed in excess of 50 miles per hour, to wit, 63 miles per hour, in violation of Sections 4125 and 4126 of Title 21 of the *Code* aforesaid.

The State's evidence as offered by the Attorney General to substantiate its charges in relation to the defendant's violation of the aforesaid sections relating to speed in part consists of a test made by two highway troopers by the use of an Electronic Radar Speed Meter, which the State contends if properly operated will record the speed of a moving vehicle with a much less margin of error than the commonly recognized speedometer.

You will recall that the defendant objected to any testimony being introduced concerning the operation of the Speed Meter, or its admission into evidence. The reasons advanced at that time were (1) that the Speed Meter has never been recognized as being a reliable instrument to record speed of vehicles upon the high-

way; (2) that the Speed Meter, even if admitted in evidence, standing alone should not be held to constitute conclusive evidence of the speed of the defendant's vehicle at the time of the test in order to warrant a conviction in the present case.

I overruled the defendant's objection based upon his first reason, and reserved my decision in relation to his second reason, subject to the production of testimony by the State.

The State produced an expert who testified in detail regarding the construction, the operation and the purpose of the Speed Meter, its margin of error if properly functioning, and the ways and means of testing its accuracy.

Based upon the testimony of the expert, I concluded that the evidence as to the accuracy of the Speed Meter was admissible, and, since the Speed Meter that the expert used in defining the construction, operation and purpose of such Meter was the same Speed Meter used to determine the speed of the defendant's motor vehicle on January 6th, I admitted the Speed Meter in evidence, subject, of course, to your determination as to its accuracy in measuring the speed of the defendant's vehicle under all the circumstances of the present case.

The mere fact that the test in the present case was made by a person not skilled in electronics is not of sufficient import to render the Speed Meter inadmissible in evidence.

I conclude, therefore, that an Electronic Speed Meter of the make and kind used in the present case, if found to be properly functioning and being operated in a proper fashion, is a device that the jury may find to be a correct recorder of speed.

In other words, this device as indicated, the Radar Speed Meter, is subject, as always, to your determination of the accuracy thereof in measuring the speed of a moving vehicle. It falls in the category of recognized instruments used to determine the speed of a moving vehicle, such as a speedometer.

In the present case, however, before you can return a verdict of guilty under this contention—that is, a finding by reason only

of the Speed Meter—you must be satisfied beyond a reasonable doubt that the Speed Meter used in the present case was functioning properly, was properly operated at the time, and was in fact an accurate recorder of speed; further, that its accuracy had been properly tested within a reasonable time from the date of its use, January 6th, 1953.

If these essentials are found by you to exist, you may determine that the Speed Meter recorded the accurate speed of the defendant's vehicle at the time of the test on January 6th, 1953, and such finding standing alone, if made by you, would furnish sufficient evidence for the conviction of the defendant in the present case.

Whether or not you agree with the policy of hidden radar equipment to detect the speed of vehicles upon the highways of this State is not before you. In the absence of legislation to the contrary the State Highway Department in conjunction with the State Police have the power to determine the manner of patrolling the highways of this State in order to keep operators of vehicles within the bounds of statutory limits concerning speed.