CITY OF ROCHESTER, Respondent, *v.* EUGENE P. TORPEY, Appellant.

County Court, Monroe County, December 1, 1953.

*John P. Lomenzo* for appellant.

*Clarence J. Henry, District Attorney (John A. Mastrella* of counsel), for respondent.

O'MARA, J.  The defendant appeals from a judgment of the Criminal Branch of the City Court of Rochester convicting him of a violation of section 70–40 of the Public Safety Ordinances of the City of Rochester and which said section limits the speed of automobiles upon the streets of the city of Rochester.

The defendant advances two grounds upon which his conviction should be reversed.  First, that the evidence presented by the People was insufficient as a matter of law to sustain the conviction and second, that the information charging the defendant with the violation in question was legally insufficient due to the fact that it was sworn to by the arresting officer before a commissioner of deeds rather than before one of the City Court

Judges sitting as a magistrate or before the clerk or a deputy clerk of the Criminal Branch of the City Court of Rochester.

The arrest in question was made by the so-called "radar unit" of the Rochester police department. The said unit consists of two motor vehicles each manned by two police officers of the City of Rochester and both equipped with two-way radio mechanism. The so-called radar car is also equipped with an electrical device purporting to record the speed of automobiles as they pass through a beam of electrical energy generated by a transmitter which is a part of the radar equipment. The radar equipment has a speed indicator upon which the needle registers the speed of the automobile as it approaches, passes and proceeds beyond the location of the radar car. The People proved that at the time the defendant's automobile passed through the electrical beam of the radar car, the radar speed indicator registered forty-three miles per hour.

It was further established by the testimony of three of the police officers who manned the cars going to make up the radar unit that in their opinion the defendant's automobile at the time of his arrest was traveling approximately forty-five miles per hour. This evidence in and of itself was legally sufficient to warrant the finding of guilt by the trial court.

The People went further with its proof to establish the guilt of the defendant. It was established by the testimony of the same police officers that comparative tests were made on the same morning and prior to the defendant's arrest of the speedometer on the nonradar police car with the speed indicator of the radar car. These tests were made on at least three different occasions and on each occasion it was testified to by the police officer who witnessed the speed indicator on the nonradar police car and by the police officer who witnessed the speed indicator on the radar car that both speedometers registered identical speeds. It was further established by a speedometer expert that he had tested the speedometer on the nonradar police car the day before the defendant was arrested and found the same to be in good working order and that the said speedometer was found to be in good working condition after the defendant's arrest. This proof, coupled with the fact that the radar car speed indicator registered forty-three miles per hour, was legally sufficient to sustain the finding of guilt by the trial court.

The defendant's guilt in this case was not predicated solely upon the speed as registered by the radar car. No expert testimony was offered on the part of the People to establish the fact

that the so-called radar equipment is a mechanism that correctly and accurately records the speed of passing automobiles. The use of radar is comparatively new as a means of bringing about the arrest of violators of ordinances pertaining to the speed of automobiles and until such time as the courts recognize radar equipment as a method of accurately measuring the speed of automobiles in those cases in which the People rely solely upon the speed indicator of the radar equipment, it will be necessary to establish by expert testimony the accuracy of radar for the purpose of measuring speed.

It is claimed on behalf of the defendant that the information charging the defendant with the violation in question is fatally defective in that it was sworn to before a commissioner of deeds. The claim is apparently predicated upon the fact that the only persons other than the magistrate authorized to take the oath of the person signing the information are the clerk or deputy clerk of the Criminal Branch of the City Court of Rochester. The Municipal Code of the City of Rochester gives such authority to the clerk and deputy clerk and such other subordinates as may be prescribed but it does not follow that because of such authorization a commissioner of deeds or a notary public is prohibited from taking the oath to an information. One of the powers vested in a commissioner of deeds by section 142 of the Executive Law is " To administer oaths " and the information in question is not defective due to the fact that the oath was administered by a commissioner of deeds. The only requirement of the law insofar as the execution of the information is concerned is that it be sworn to (*People ex rel. Livingston* v. *Wyatt,* 186 N. Y. 383). The Court of Appeals of this State has held that an information sworn to before a notary public is a good and sufficient information. (*People* v. *Jacoby,* 304 N. Y. 33.)

The information in question was not used as the basis for the issuance of a warrant of arrest but solely as a pleading in connection with the trial of the defendant. It therefore follows that the provisions of section 148 of the Code of Criminal Procedure are not applicable to the questioned information.

Judgment of conviction is affirmed.

Submit order accordingly.