THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SEYMOUR L. KATZ, Defendant.*

City Court of Yonkers, Sitting as Court of Special Sessions, March 6, 1954.

*Raymond J. Hannon, Corporation Counsel (Joseph Boland* of counsel), for plaintiff.

*David Friedman* for defendant.

FIORILLO, J. The defendant is charged with the operation of his automobile upon Tuckahoe Road, a public thoroughfare, in the city of Yonkers, N. Y., at a speed in excess of that permitted on said street by local ordinance.

Evidence to substantiate the charge was offered by two members of the Yonkers police department and one Dr. John M. Kopper, who qualified as an expert and is an electrical engineer, teacher and research worker in the field of electrical installation and automatic control at the Johns Hopkins University in Baltimore, Maryland. The device used to record the speed of the defendant's automobile is an electromatic speedometer more commonly known as a radar speedometer. The expert testified in detail regarding its construction and by means of diagrams, charts and formulas explained its operation and the principle involved in determining the speed of moving vehicles. He also testified that the operator of the recording equipment can tell when it is " out of calibration " and may " quite easily " determine when the machine is not working properly.

The testimony of the police officers disclosed that one of them was in a " Radar Car " containing the electromatic speedometer and the other officer was stationed some distance away and on the same road in what is termed the " Pick-up " car. The

officers were able to communicate with each other by three-way radio. When the defendant's automobile passed through the beam of electric energy emitted by the transmitter in the radar car, the police officer therein observed the recording dial and noted the speed to be in excess of that permitted under the ordinance. He thereupon communicated a description of the defendant's automobile to the pickup officer and saw the latter stop the defendant's car. The pickup officer testified that he then handed the defendant a summons for speeding.

At the conclusion of the People's case the defendant rested and moved for a dismissal of the information upon the ground that the evidence was insufficient to establish the guilt of the defendant beyond a reasonable doubt — decision on the motion was reserved.

It seems that the only reported similar case to date in this State is that of *People* v. *Offerman* (204 Misc. 769), wherein the Appellate Court reversed the judgment of conviction of the defendant and ordered a new trial. The objectionable and incompetent evidence which warranted a reversal in that case is, in my opinion, not present in the instant case.

The electromatic speedometer herein described is a scientifically reliable device which if properly operated and properly functioning falls in the category of recognized instruments used to determine the speed of moving vehicles.

The motion to dismiss is denied, the defendant is found guilty as charged and fined the sum of $15.