CHARLEY W. PETERSON, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

80 N. W. 2d 688

Filed February 1, 1957.   No. 34075.

*Francis A. McLane,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Ralph D. Nelson,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

Plaintiff in error, hereinafter called the defendant, was charged with the operation of a motor vehicle on a public highway in Douglas County at a rate of speed greater than was reasonable and prudent under the conditions then existing and at a rate of speed in excess of 60 miles per hour. The statute involved is section 39-723, R. R. S. 1943.

Defendant was found guilty in county court and a fine was assessed. He appealed to the district court where he was again found guilty and a fine was assessed.

He brings the matter here asserting that he was denied a right of trial by jury; that incompetent and hearsay evidence was admitted; and that the evidence is insufficient to sustain a conviction. We affirm the judgment of the trial court.

The date of the offense charged was December 2, 1954. Defendant was tried in county court and found guilty on December 15, 1954. An appeal was promptly lodged in the district court. No further action appears to have been taken until March 16, 1956. The journal entry shows that on that date the case was called for trial pursuant to notice; and that a panel of veniremen for jury was present. It further shows that defendant's attorney was present but defendant was in default of appearance. The journal further shows that by reason of defendant's default in appearance, a jury trial was denied and defendant was given leave to have trial before the court without a jury. The journal entry is in accord with the bill of exceptions. It does not appear that the defendant objected to the order made. The

above proceedings were before Judge Newkirk.

The bill of exceptions recites that on March 23, 1956, the cause came on for trial to the court before Judge Lynch; that the defendant pleaded not guilty and asked permission to go to trial without the defendant's presence; and that trial was had.

The journal entry recites that on March 23, 1956, the defendant appeared in open court with his counsel, was arraigned, and pleaded not guilty, and "Thereupon, a trial by jury being waived, said cause comes on for trial to the Court."

On the above record defendant assigned as error that he was denied the right to a trial by a jury.

In McDonald v. State, 161 Neb. 118, 72 N. W. 2d 521, we restated the long-established rule that: "It is a fundamental rule applicable to appellate proceedings that the record of a court in which a cause originated or was tried, when properly authenticated, imports verity and cannot be impeached, varied, or changed by oral testimony or extrinsic evidence."

The record showing a jury trial to have been waived imports absolute verity.

We have held: "Unless otherwise provided by statute, one charged with a statutory misdemeanor has the right to demand a trial by jury in the county where the offense is alleged to have been committed but may waive his right thereto." Peterson v. State, 157 Neb. 618, 61 N. W. 2d 263. It follows that there is no merit to this assignment.

Defendant's next assignments of error go to the admission of evidence and the sufficiency of the evidence to sustain the finding of guilt made by the trial court.

This case involved the use of a speed meter, commonly known as radar. The evidence shows that when defendant passed the test point on the highway the speed meter showed his speed to be 70 miles per hour.

In Deitze v. State, 162 Neb. 80, 75 N. W. 2d 95, we held: "Evidence of the readings of radar equipment de-

signed to determine the speed of moving vehicles is admissible as evidence of speed if a sufficient foundation is laid as to the accuracy of the equipment in operation."

Defendant challenges the sufficiency of the foundation laid by the State as to the accuracy of the speed meter insofar as it relates to the showing of the speed of defendant's car. The efficiency of the speed meter and its manner of operation otherwise is not challenged in argument here.

The State offered evidence that a patrol car was driven past the speed meter on two occasions, once before and once after the time the defendant drove past it. The patrol car was operated with a speedometer which indicated a speed of 60 miles an hour at that point. The speed meter indicated 60 miles an hour at that point as the speed of the patrol car.

Defendant's contention is that there must be foundation evidence of the accuracy of the speedometer before it can be accepted as a foundation for the accuracy of the reading of the speed meter. The State's evidence produced in part by cross-examination of the State's witnesses showed that the patrol car used in the test had been bought new and had been used only a few weeks, that it had normal tires, and that the speedometer had been tested and was found to be accurate by one Carl Anderson through the use of machines for that purpose. Anderson was not called as a witness. The defendant claims that the testimony as to Anderson's tests, admitted over objections, was hearsay and incompetent and deprived him of his right of cross-examination.

There is objection also to the admissibility of radio conversations between the patrol officers during these tests.

The direct issue upon which these arguments are bottomed is that evidence as to the showing of speedometer readings is inadmissible unless the accuracy of the speedometer involved is shown by competent evidence.

This precise question was presented to the English

Court of Appeal in Nicholas v. Penny, 2 KB 466, (1950, Vol. 2) All Eng. 89, 21 A. L. R. 2d 1193. That was a speeding case. The police officer testified to the speedometer reading of his car while following the defendant. He further testified that the speedometer had been tested by himself and two other officers and had been found to be accurate. The two other officers did not testify. Their evidence was necessary to show the accuracy of the tests. The court held that the evidence of the testifying officer as to information given by the other officers was hearsay and inadmissible. The court then held that the evidence of the officer as to the reading of the speedometer was competent and admissible.

The rule of the case is that the testimony of an officer as to the speedometer reading of a car driven by him at a given time is competent prima facie evidence of the speed of the car at the time. Evidence as to the accuracy of the speedometer is not required as a foundation to that evidence.

This same question was presented in People v. Tyler, 109 N. Y. S. 2d 756, wherein the court held: "The accuracy of speedometers is a matter of general knowledge. Proof of accuracy carried back to proof of the accuracy of the master speedometer and all of its parts is not necessary in speed prosecutions."

We adopt the reasoning of these cases and the conclusion based thereon.

We do not deem it necessary to point out the evidence that was objected to as hearsay and admitted. Some of it went to immaterial matters and other parts were corroborative of evidence properly admitted. The rule is: "In an action, either civil or criminal, tried to the court without a jury, the erroneous admission of evidence is immaterial on appeal where the judgment below is sustained by sufficient competent evidence." Peterson v. State, *supra*.

Finally defendant argues that his conviction rests solely upon the readings of the speed meter and the

speedometer, and that that evidence is not sufficient to prove guilt beyond a reasonable doubt. We do not so read the record.

A patrol officer on direct examination answered "Yes" to a question which involved the element of having observed defendant's car passing his position at a speed of 70 miles an hour. The trial court later asked this witness as to his observation of the defendant's car. The officer testified to having seen it enter the radar beam and pass on down the road about a mile. He was then asked, and answered: "THE COURT: Do you have an opinion independent of the radar speed indicator as to the speed of the car? A-Yes. THE COURT: In your opinion what was that speed? A-My opinion the speed was 70 miles an hour."

On recross-examination he testified that his estimate was based on his observation of the vehicle and that his opinion was not influenced by the reading made by the speed meter.

The evidence is found sufficient to sustain the judgment of the trial court.

AFFIRMED.

CHAPPELL, J., participating on briefs.