Hugh S. Coyle, J.
This is an appeal, pursuant to the provisions of section 751 of the Code of Criminal Procedure, from a judgment rendered by a Court of Special Sessions of the City of Yonkers, convicting the defendant of a violation of section 67 of article IV of the Code of Ordinances (G-eneral Ordinance No. 4) of the City of Yonkers, revoking his license, and fining him $75. The offense charged is that the defendant drove his automobile at a rate of speed, in the city of Yonkers, greater than that permitted by the ordinance. The sole evidence of speed was obtained by a mechanical device used to record speed, which was operated by a police officer and is commonly called radar.
At the trial, police officer Fitzpatrick took the stand and explained the operation of the mechanical speed recording device. He was not qualified as an expert and therefore only rendered an explanation of the operation of the machine and how it was tested.
The defendant called as a witness a Mr. J. Kelly Johnson, who first qualified as an expert and testified that he was an electrical engineer and thoroughly familiar with the apparatus *409 used in this case, known as the ‘ ‘ Doppler System ’ ’. He testified that the machine in question is accurate to the extent that it tells the existence of a moving target in proximity to the instrument, but that its use for any additional purpose such as measurement of speed of the vehicle, is subject to grave possibility or probability of error. No testimony was offered by the People to contradict that of Mr. Johnson. No other evidence was offered by the People on the question of the speed of defendant’s vehicle.
During the course of the trial, the defendant’s counsel was reminded by the court that the court had previously passed on the question of the validity of the use of the device as it was then operated in the city of Yonkers. This was based on a decision in the case of People v. Katz (205 Misc. 522). It would thus appear that the Trial Justice took judicial notice of the accuracy of the device, based upon the testimony of the People’s expert in the case of People v. Katz (supra). In City of Buffalo v. Beck (205 Misc. 757) the Supreme Court of Erie County reversed a conviction of a violation of an ordinance regulating speed of motor vehicles. The sole evidence of that violation was based on a so-called radar mechanical device. In that case the People failed to have an expert witness appear at the trial and the court took judicial notice of the mechanical speed detecting-device. At page 760 the court said: “I must hold that the theory of the operation of this electrically operated device and the accuracy of its measurement of speed is not a proper subject for judicial notice at this time. Electronics is a recent development in the science embracing the mysteries of electricity (People v. Offerman, 204 Misc. 769). Certainly it cannot be said that such knowledge is ‘ notorious ’ as above described or that it is ‘ the general knowledge of the country ’ or is the operation of this device ‘ a practical application of scientific facts which are generally known or ought to be known. ’ ”
The court fully appreciates the problems of the municipalities in connection with speeding violations and hesitates to increase this burden. However, until the Legislature sees fit to declare that the reading of an electrical timing device similar to the one here may be admitted in evidence as prima facie evidence of the speed of the automobile of an accused, after proper certification of said device or upon a showing- that said device met required standards and tests, the People will not be relieved of the burden of proving the accuracy of the device upon each trial by appropriate testimony.
The judgment of conviction is reversed on the facts and the law and a new trial is ordered. Settle order.