The **STATE** of Delaware, Plaintiff,

v.

**Frank G. MOORE, Defendant.**

Superior Court of Delaware,
Kent.

June 27, 1973.

Harrison F. Turner, Deputy Atty. Gen.,
of Del., Dover, for plaintiff.

N. Maxson Terry, Jr., of Terry & Ter-
ry, Dover, for defendant.

## OPINION

WRIGHT, Judge.

The defendant is charged with driving a motor vehicle while under the influence of intoxicating liquor.

The defendant filed a motion to suppress the evidence against him. A hearing was held on the motion and testimony taken.

The defendant first contends that there was no probable cause for his arrest.

The facts indicate that the arresting officer was called to a public place to help quell a disturbance. The place in question is licensed to sell alcoholic beverages.

After the disturbance had been substantially dealt with the defendant was observed by the officer leaving the premises and seen to stagger. The defendant then entered a motor vehicle and was followed by the officer. On one or more occasions the officer observed the defendant operate his vehicle in an unusual or erratic manner. Thereafter, the defendant was stopped by the officer and after the officer had determined that the defendant had consumed alcohol the arrest was made.

■ The defendant's arguments concerning these facts are more properly addressed to the trier of facts at a trial on the merits. When explained they may not sustain a conviction but they clearly gave the officer probable cause to make the arrest.

The defendant's blood alcohol content was determined by the use of a relatively new device known as an Omicron Intoxilyzer.

After some rather elementary preliminary procedures performed by the operator of the device the suspect is required to blow his breath into it through a small tube.

A given wave length of infra red light is caused to pass through the suspect's breath as it passes through the device. If the breath contains ethyl alcohol a part of the light will be absorbed by the ethyl alcohol. The amount of light thus absorbed indicates the amount of ethyl alcohol present in the breath. The device then translates the amount of ethyl alcohol present in the breath to the amount present in the blood and the result is flashed on a small screen which is a part of the device and printed on a card which the operator had previously inserted in the device.

The defendant first argues that the evidence of the results of the alcohol content of defendant's blood in this case should be suppressed because the device in question does not perform a "chemical analysis" as required by 11 Del.C. § 3507.

At the hearing testimony was taken from experts in the fields of chemistry, physics, and electronics.

The defendant seems to contend that the phrase "chemical analysis" means an analysis made with chemicals. However, I gather that the phrase does not have so narrow a meaning.

■ My impression, after hearing the testimony, is that the phrase relates to the examination of the component parts of a substance and includes the determination of the proportion of one component part related to the whole.

■ Thus the test in question is a "chemical analysis" regardless of the fact that the procedure is purely mechanical.

Finally, the defendant contends that the device is unreliable.

Defense counsel produced no witnesses but relied on his cross-examination of the State's witnesses in support of this position.

Defense counsel in his questioning attempted to point out several ways in which the device might malfunction or be improperly operated so as to produce an unfair result.

Whatever may be said to have been accomplished in this area may be the subject of consideration by the trier of fact at trial in determining the weight to be given the test result, but I cannot hold under any of the theories advanced by the defendant that it has been shown that the device is so unreliable so that results obtained by its use are inadmissable as a matter of law. Indeed, there is uncontroverted testimony in the record that the result of the use of the device in question is at least as reliable, and probably more so, than the method previously used in this State for the same purpose.

The motion to suppress is denied.

It is so ordered.