Theodore BEST, Defendant Below,
Appellant,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

Oct. 31, 1974.

Karl Haller, Asst. Public Defendant, Georgetown, for defendant below, appellant.

Lawrence Steele, II, Deputy Atty. Gen., Georgetown, for plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY, J., and MARVEL, Vice Chancellor.

MARVEL, Vice Chancellor:

Following his conviction before a Justice of the Peace on a charge of driving a motor vehicle while under the influence of intoxicating liquor, 21 Del.C. § 4176, the appellant took an appeal to the Superior Court, where, after a trial de novo, he was again convicted of the same offense. The sentence imposed was sixty days in jail and a fine of $500.00. The present appeal ensued.

Introduced at the trial de novo in the Superior Court under the so-called Business Records Statute [1] was evidence of alcoholic intoxication on the part of the appellant at the time of his arrest deemed sufficient to warrant conviction. Such evidence was derived from a test of his breath through its analysis by means of a device known as an Omicron Intoxilizer. Prior to its testing of appellant's breath the device in question has been allegedly cleared and checked for accuracy by the State Chemist. The device purports to calculate the percentage of alcohol present in a person's breath.

The State also introduced so-called calibration tests to the effect that the device in issue was operating properly both before and after samples of appellant's breath had been taken. And while the State Chemist was not present at appellant's trial, the police officer in charge of the records of the Omicron Intoxilizer, whereby appellant's breath was tested, testified as to its proper operation and condition at the time of appellant's arrest and testing. In addition, the arresting officer testified that while on patrol he saw an over-turned motor vehicle at the side of the road in which he found appellant in an apparently intoxicated condition. Appellant was thereupon arrested and taken to police headquarters where the Omicron Intoxilizer test was administered.

Appellant now contends that unlike the analysis of blood samples or the use of a

1. 10 Del.C. § 4310.

drunkometer for the detection of intoxication, the device in question represents a relatively recent technique, that it has not been established as acceptable in this jurisdiction, and that in submitting the findings of such device as to appellant's alleged intoxication the State failed to introduce expert testimony concerning the reliability of the device, particularly that of the State Chemist explaining the theory of the test and vouching for the accuracy of the device. The evidence of the test and its results was introduced by the police officer in charge of the records of the device over appellant's objection.

In the recent case of State v. Moore, Del.Super., 307 A.2d 548, the Superior Court, following the presentation by the State of testimony concerning the theory and workings of the Omicron Intoxilizer device by experts in the fields of chemistry,[2] physics and electronics, concluded that the process was reliable, stating:

" . . . I cannot hold under any of the theories advanced by the defendant that it has been shown that the device is so unreliable so that results obtained by its use are inadmissible as a matter of law. Indeed, there is uncontroverted testimony in the record that the result of the use of the device in question is at least as reliable, and probably more so, than the method previously used in this State for the same purpose."

No appeal was taken in the *Moore* case. We therefore conclude that such ruling constitutes for the Superior Court, at least, a precedent in this State to the effect that the Omicron Intoxilizer device is a reliable and trustworthy method of testing the percentage of alcohol[3] present in an accused's system at the time of his submission to such a test. The decision in *Moore* is not

attacked by appellant and we express no opinion thereon.

 Accordingly, there being no other Delaware decision on the subject, the trial judge in the instant case was entitled to rely upon the ruling of the Superior Court in *Moore* under the principle of stare decisis. Compare State v. Moffit, 9 Terry 210, 100 A.2d 778, in which the trustworthiness of radar for testing the speed of a motor vehicle was held to have been established.

Finally, we hold that the Business Records Act is applicable in this case, Johnson v. State, Del.Supr., 253 A.2d 206. Accordingly, it was not error to admit in evidence thereunder documents showing that the Omicron machine had been checked by the State Chemist although he was not present at the trial.

The judgment below is affirmed.

---

2. The State Chemist was among those who testified at such trial as to the workings and reliability of the omicron intoxilizer.

3. 11 Del.C. § 3507 and 21 Del.C. § 4176 both authorize medical or chemical analysis of

breath, blood or urine to determine whether or not the driver of a motor vehicle was under the influence of intoxicating liquor. In addition the former statute authorizes a testing of saliva.