**Juan SANTIAGO, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: April 22, 1986.

Decided: June 25, 1986.

David J. Facciolo, Wilmington, for appellant.

Richard E. Fairbanks, and Loren C. Meyers, Deputy Attys. Gen., Wilmington, for appellee.

Before CHRISTIE, C.J., and McNEILLY and HORSEY, JJ.

CHRISTIE, Chief Justice:

The defendant was convicted in the Court of Common Pleas of driving under the influence. At trial, over the defendant's objection, the State introduced the results of a blood alcohol test performed by the State Police chemist, Mr. Sockrider, using the Beckman gas chromatograph and Fisher strip chart recorder. The test indicated defendant's blood alcohol concentration was 0.26% and, therefore, that defendant was under the influence. 21 *Del.C.* § 4177(b).[1] This Court must now address the admissibility of that evidence.

Defendant argues that before evidence of the scientific process or system used here can be introduced in evidence, it must be established by the State as reliable, D.R.E. 901(b)(9)[2], i.e., as having "gained

---

1. 21 *Del.C.* § 4177 provides in pertinent part:
*Operation of vehicle while under the influence of alcohol and/or drugs; penalties.*
   (a) No person shall drive, operate or have in actual physical control a vehicle, an off-highway vehicle, a moped or a bicycle while under the influence of alcohol or of any drug or any combination of drugs and/or alcohol.
   (b) Any person charged under subsection (a) of this section whose blood alcohol concentration is one tenth of 1% or more by weight as shown by a chemical analysis of a blood, breath

or urine sample taken within 4 hours of the alleged offense shall be guilty of violating subsection (a) of this section. This provision shall not preclude a conviction based on other admissible evidence. . . .

2. Delaware Rule of Evidence 901 provides in pertinent part:
REQUIREMENT OF AUTHENTICATION OR IDENTIFICATION.
   (a) *General Provision.* The requirement of authentication or identification as a condition

general acceptance in the particular field in which it belongs." *Frye v. United States,* 293 F. 1013 (D.C.Cir.1923).

However, the *Frye* "general acceptance" test is not the sole test for judging the admissibility of expert testimony concerning scientific test results in Delaware. *Fensterer v. State,* Del.Supr., 493 A.2d 959, 962 n. 3 (1985) *rev'd on other grounds,* ——— U.S. ——, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985); *Whalen v. State,* Del.Supr., 434 A.2d 1346, 1354 (1981). For example, in the *Whalen* case the expert testified to the same essential facts as in this case: how the test was performed, what it is designed to detect, how it indicates the presence of the chemical, and the effect of the presence of other chemicals. This Court noted that the State's evidence there "fulfilled the hallmarks of admissibility, relevance and reliability." *Whalen,* 434 A.2d at 1345; D.R.E. 401, 402.[3]

■ Moreover, as stated by the Superior Court in this case, "when a qualified expert testifies, he need only show that any test used as a basis for his opinion is reasonably relied upon by experts in his field." D.R.E. 703[4]; E. Cleary, § 203 (3d ed. 1984). That standard was met in this case.

Mr. Sockrider is qualified as an expert to test blood by reason of his experience, training, and education. D.R.E. 702[5]. He testified that the gas chromatograph is commonly relied upon by forensic scientists throughout the country.

Based on the foregoing analysis, the Court of Common Pleas properly admitted the test results in evidence.

The defendant also contends that because Mr. Sockrider is a chemist and the equipment he used to perform the blood test in this case involved principles of physics and electronics as well as chemistry, Mr. Sockrider was not qualified to establish the accuracy and reliability of the equipment. Further, even if he was qualified, defendant contends that Mr. Sockrider's testimony failed to lay an adequate foundation for the Superior Court to conclude the gas chomatograph is reliable.

Defendant relies on *State v. Newton,* Del.Super., 421 A.2d 920 (1980); *State v. Harper,* Del.Super., 382 A.2d 263 (1978); *Best v. State,* Del.Supr., 328 A.2d 141 (1974); and *State v. Moore,* Del.Super., 307 A.2d 548 (1973). However, all of those cases involved scientific processes to be used and testified to by a lay person with

precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

(b) *Illustrations.* By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

. . . .

(9) *Process or System.* Evidence describing a process or system used to produce a result and showing that the process or system produces an accurate result.

3. Delaware Rules of Evidence 401 and 402 provide:

DEFINITION OF "RELEVANT EVIDENCE".

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

RELEVANT EVIDENCE GENERALLY ADMISSIBLE; IRRELEVANT EVIDENCE INADMISSIBLE.

All relevant evidence is admissible, except as otherwise provided by statute or by these rules

or by other rules applicable in the courts of this State. Evidence which is not relevant is not admissible.

4. Delaware Rule of Evidence 703 provides:

BASES OF OPINION TESTIMONY BY EXPERTS.

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

5. Delaware Rule of Evidence 702 provides:

TESTIMONY BY EXPERTS.

If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise.

no understanding of how the equipment functions. Under those circumstances, the State had to lay a foundation showing the accuracy of the result obtained which served as precedent in later cases where a lay person used the same equipment. D.R.E. 901(b)(9).

■ In the present case, however, where an expert gave his opinion based on a test he performed, he only needed to show it is reasonably relied upon by experts in the field. As noted above, that standard was satisfied here.

Finally, the defendant argues that the Superior Court erred in taking judicial notice that expert testimony based on analysis of blood and other substances made by using the gas chromatograph has often been admitted in Superior Court for many years. It is unnecessary for this Court to address that argument. That finding by the Superior Court was in support of its determination that, in any case, the *Frye* test had been satisfied. This Court has already ruled that the Superior Court's D.R.E. 703 analysis was correct, and that the *Frye* test is no longer solely controlling in Delaware.

The judgment of the Superior Court is AFFIRMED.