# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DUEVORN D. HARRIS, | ) | |
| | ) | |
| Defendant-Below, | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 1402016580 |
| | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Appellee. | ) | |

Submitted: September 6, 2018
Decided: December 3, 2018

## MEMORANDUM OPINION

*On Appeal from the Decision of the Court of Common Pleas*
**AFFIRMED**

Joseph A. Hurley, Esq., Wilmington, Delaware, Attorney for Appellant/
Defendant-Below.

Matthew F. Hicks, Esq., Deputy Attorney General, Department of Justice,
Wilmington, Delaware, Attorney for Appellee/Plaintiff-Below.

**ROCANELLI, J.**

## PROCEDURAL BACKGROUND

Defendant Duevorn Harris was arrested and charged with Driving a Vehicle Under the Influence of Alcohol and various traffic violations. Defendant was represented by counsel and elected a non-jury trial in the Court of Common Pleas ("Trial Court"). At trial, the State and Defendant stipulated to the "sufficiency of the calibration logs" and the "sufficiency of the Intoxilyzer card."[1] According to the results of the Intoxilyzer test, Defendant had a Blood Alcohol Concentration ("BAC") of 0.163,[2] more than double the legal limit of 0.08.[3]

The Trial Court found Defendant guilty of DUI Second Offense and the traffic violations by Order and Opinion dated March 12, 2018. Defendant was sentenced by Order dated April 27, 2018. This appeal followed.

Defendant argues that (1) the Trial Court abused its discretion in considering the Intoxilyzer test result because the State did not lay a proper foundation for the admission into evidence of the calibration logs for the Intoxilyzer and Intoxilyzer card showing the results of the Intoxilyzer test; (2) the Trial Court erred by ruling that Defendant's stipulation to the admissibility of the Intoxilyzer card precluded Defendant from raising an objection to the reliability of the test result; and, in the

---

[1] *State v. Duevorn Harris*, C.A. No. 1402016580, at 14 (Del. Com. Pl. Nov. 14, 2017) (TRANSCRIPT).
[2] *Id.* at 53.
[3] 21 *Del. C.* § 4177(a)(4).

2

alternative, (3) if the stipulation by Defendant's counsel ("Defense Counsel") waived Defendant's legal challenge to the results of the Intoxilyzer, then the ruling of the Trial Court to accept the stipulation and allow admission of the evidence is plain error which requires this Court to consider whether manifest injustice resulted.

## STANDARD OF REVIEW

The Superior Court may consider an appeal from the judgment of the Court of Common Pleas in a criminal action.[4] The appellate role of this Court is limited to correcting legal error and determining whether the factual findings made by the trial judge are "sufficiently supported by the record and are the product of an orderly and logical deductive process."[5] Questions of law are reviewed *de novo*.[6]

This Court will review the Trial Court's rulings on the admissibility of evidence for abuse of discretion.[7] A trial court has abused its discretion when it ignores rules of law or exceeds the bounds of reason, producing an unjust result.[8] The burden is on the party challenging the admission of the evidence to establish a

---

[4] 11 *Del. C.* § 5301(c).
[5] *Onkeo v. State*, 2008 WL 3906076, at *1 (Del. July 1, 2008); *Wheeler v. Clerkin*, 2005 WL 873341, at *2 (Del. Apr. 13, 2005).
[6] 11 *Del. C.* § 5301(c); *DiSabatino v. State*, 808 A.2d 1216, 1220 (Del. Super. 2002) *aff'd*, 810 A.2d 349 (Del. 2002).
[7] *Palomino v. State*, 2011 WL 2552603, at *2 (Del. Super. Apr. 4, 2011); *Graves v. State*, 2006 WL 496140, at *1 (Del. Super. Feb. 2, 2006).
[8] *Culp v. State*, 766 A.2d 486, 489 (Del. 2001).

clear abuse of discretion in order for this Court to reverse the Court of Common Pleas.[9]

The challenge here involves the Trial Court's consideration of evidence to which the parties stipulated. A factual stipulation does not determine the legal effect of the facts stipulated, but a stipulation conclusively establishes that fact from which the trier of fact may draw its own legal conclusion.[10] Moreover, once a party stipulates to the admissibility of evidence, the other party wishing to rely upon such evidence is relieved of its obligation to establish a foundation.[11]

Defendant's argument in the alternative involves Defendant's failure to object to the admissibility of evidence at trial, which "constitutes a waiver of the defendant's right to raise that issue on appeal, unless the error is plain."[12]

> Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process. Furthermore, the doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice.[13]

---

[9] *See Harper v. State*, 970 A.2d 199, 201 (Del. 2009).

[10] *See State v. Ricketts*, 1971 WL 125303, at *3 (Del. Super. Dec. 3, 1971) (explaining that the weight to be given to the stipulated results of a polygraph test is, "as with all evidence, left solely to the trier of fact").

[11] *See Hunt v. State*, 2013 WL 5745696, at *2 (Del. Oct. 21, 2013) (concluding that the defendant's stipulation to a medical examiner's report constituted a waiver of any objection to the admission of such evidence).

[12] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

[13] *Id.* (internal citations omitted).

4

In the absence of a timely objection at trial, it is the defendant's burden to demonstrate prejudice in order to justify reversal on appeal.[14]

## ANALYSIS

Defendant's first two arguments challenge the Trial Court's consideration of the Intoxilyzer test result. Defendant argues that the Trial Court abused its discretion by considering Defendant's Intoxilyzer test result because the State did not lay a proper foundation to show that there was an uninterrupted twenty-minute observation of Defendant prior to testing. Defendant further argues that the Trial Court erred by ruling that the stipulation precluded Defendant from raising an objection to the reliability of the Intoxilyzer reading. It is the State's position that, when Defendant stipulated to the "sufficiency" of the calibration logs and the Intoxilyzer card, the State was relieved of its obligation to lay a foundation for the admission of this evidence.

It is well-established that the Intoxilyzer test, when administered in accordance with the manufacturer's established protocol, is a reliable indicator of an individual's BAC level.[15] "[T]he admissibility of intoxilyzer test results center on the State providing an adequate evidentiary foundation for the test result's

---

[14] *Clark v. State*, 2014 WL 5408410, at *3 (Del. Oct. 21, 2014).
[15] *See Clawson v. State*, 867 A.2d 187, 192 (Del. 2005); *McConnell v. State*, 1994 WL 43751, at *1 (Del. Feb. 3, 1994); *Best v. State*, 328 A.2d 141, 143 (Del. 1974).

5

admission," which includes "showing that there was an uninterrupted twenty-minute observation of the defendant prior to testing."[16]

Here, Defendant stipulated to the "sufficiency" of the calibration logs and the "sufficiency" of the Intoxilyzer card. "[O]bjections concerning the twenty minute observation period are evidentiary foundation issues which may be raised either by a pretrial motion or by an objection at trial."[17] Defendant did not object to the admission in evidence of these documents. Accordingly, the State was relieved of its obligation to establish an evidentiary foundation. Having stipulated to the sufficiency of this evidence, Defendant waived any challenge to its admissibility. Therefore, the Trial Court did not abuse its discretion by considering the Intoxilyzer test result which was admitted into evidence without objection.

In the alternative, Defendant argues that, due to his failure to object to the foundation of the evidence by the stipulation entered, the ruling of the Trial Court to accept the stipulation and allow admission of the evidence is plain error which requires this Court to consider whether manifest injustice resulted. As provided by statute, where a person's BAC is .08 or more, that person is guilty of Driving a Vehicle while Under the Influence of Alcohol.[18] Here, the stipulated Intoxilyzer

---

[16] *Clawson*, 867 A.2d at 191-92.
[17] *Id.*
[18] 21 *Del. C.* § 4177.

result indicated that Defendant had a BAC of 0.163.[19] The record below established that the Intoxilyzer was in good working order,[20] that the Intoxilyzer test was properly administered,[21] and that Defendant's BAC was more than twice the legal limit.[22] Thus, the overwhelming weight of the evidence in this case was in favor of the State.

Here, Defense Counsel's decision to stipulate to the Intoxilyzer test result was a matter of defense strategy. It is not the role of a trial court to second-guess counsel's trial strategy.[23] It is well-established that "[d]efense counsel has the authority to manage the day-to-day conduct of the defense strategy, including making decisions about when and whether to object, which witnesses to call, and what defenses to develop."[24] Even so, when the stipulations were presented, the Trial Court challenged Defendant's decision to stipulate to this evidence and pointedly asked what issue was left for trial, to which Defense Counsel responded: "guilt or innocence."[25] The Trial Court had no obligation to interfere with Defense Counsel's trial strategy. Indeed, it would have been improper to do so.

---

[19] *State v. Duevorn Harris*, C.A. No. 1402016580, at 53.
[20] *Id.* at 44-48.
[21] *Id.* at 48-53.
[22] *Id.* at 53.
[23] *Clark*, 2014 WL 5408410, at *4.
[24] *Id.*
[25] *Duevorn Harris*, C.A. No. 1402016580, at 14.

There is no basis to conclude that the Trial Court committed plain error. Moreover, Defendant has not demonstrated prejudice. Finally, this Court is confident that manifest injustice did not result.

## CONCLUSION

The Trial Court found that the State satisfied its burden of proof and that Defendant's guilt was established beyond a reasonable doubt. The Trial Court's factual findings are supported by the record and are the product of an orderly and logical deductive process. The Trial Court's decision after trial is free from legal error. The Trial Court did not abuse its discretion by considering the Intoxilyzer test result once the sufficiency of the calibration logs and Intoxylizer results was stipulated by the parties. Manifest injustice did not result. The record evidence supports Defendant's conviction. Therefore, the decision of the Court of Common Pleas is hereby **AFFIRMED**.

**IT IS SO ORDERED** this 3rd day of December, 2018.

The Honorable Andrea L. Rocanelli

8