EVERIGHT *v.* CITY OF LITTLE ROCK.

4939

326 S. W. 2d 796

Opinion delivered May 25, 1959.

[Rehearing denied September 7, 1959]

*Kenneth Coffelt,* for appellant.

*Joseph C. Kemp, Gardner Deane, Jr., John L. Sullivan, William M. Stocks,* for appellee.

SAM ROBINSON, Associate Justice. The appellant, Mrs. R. E. Everight, was convicted in the Little Rock Municipal Court of the offense of speeding. She appealed to the circuit court and was again convicted. On appeal to this Court there is only one issue, and that is the admissibility of evidence of speed as indicated by radar equipment used by the Little Rock Police Department in checking the speed of the car driven by Mrs. Everight. The only evidence of excessive speed is that shown by the radar speed meter. If this evidence is admissible in court, the verdict is sustained by such evidence; if it is not admissible, the City failed to make a case.

Ray Gillis qualified as an expert in the use of radar equipment and the particular model used by the Little

Rock police in checking appellant's speed at the time in question. He testified as to the accuracy of the radar speed meter used in this case; that it will not vary over two miles per hour up to 100 miles per hour. He also testified that the speed meter is simple to operate; that it is virtually impossible to connect it improperly; that the Little Rock police officers using it at the time in question are thoroughly capable of correctly testing the equipment and using it; that the same kind of equipment is used by police departments in 47 states. Officers Nesbitt and Jeffcoat of the Little Rock Police Department testified that they had received instructions in the operation of the equipment; that they had tested it on the morning in question and that it was working properly; that they used it in checking the speed of appellant's car and that it registered 40 miles per hour. It is not contended that 40 miles per hour at the place appellant was driving is not a violation of the law.

In reference to evidence of facts as shown by instruments, the Supreme Court of Ohio, in the case of *City of East Cleveland* v. *Ferrell,* 168 Ohio St. 298, 154 N. E. 2d 630, quoted as follows from Professor Wigmore, in The Science of Judicial Proof, at page 450: " '. . . since the additions made possible to our unaided senses are due to the use of instruments constructed on knowledge of scientific laws, it is plain that the correctness of the data thus obtainable must depend upon the correctness of the instrument in construction and the ability of the technical witness to use it. Hence, the following three fundamental propositions apply to testimony based on the use of all such instruments:

" 'A. *The type of apparatus purporting to be constructed on scientific principles must be accepted as dependable for the proposed purpose by the profession concerned in that branch of science or its related art.* This can be evidenced by qualified expert testimony; or, if notorious, it will be judicially noticed by the judge without evidence.

" 'B. *The particular apparatus used by the witness must be one constructed according to an accepted type*

*and must be in good condition for accurate work.* This may be evidenced by a qualified expert.

" 'C. *The witness using the apparatus as the source of his testimony must be one qualified for its use by training and experience.' "*

In the case of *Dooley* v. *Commonwealth*, 198 Va. 32, 92 S. E. 2d 349, 350, the court said: "For many years the public has become generally aware of the widespread use of the radiomicro waves or other electrical devices in detecting the speed of motor vehicles or other moving objects; and while the intricacies of such devices may not be fully understood their general accuracy and effectiveness are not seriously questioned." Radar is now in the same category as photographs, X-rays, electroencephalographs, speedometer readings, and the like.

In the case at bar all the rules of evidence were met in introducing in evidence the speed of the automobile as indicated by the radar speed meter, and the evidence was properly admitted by the trial court. It is substantial to the effect that the Everight car was traveling 40 miles per hour.

We are of the opinion that the usefulness of radar equipment for testing speed of vehicles has now become so well established that the testimony of an expert to prove the reliability of radar in this respect is not necessary. The courts will take judicial knowledge of such fact. Of course, it will always be necessary to prove the accuracy of the particular equipment used in testing the speed involved in the case being tried. In the case at bar, there is substantial evidence to the effect that the equipment was accurate.

Affirmed.