STATE OF NEBRASKA, APPELLEE, V. MAX Q. SNYDER,
APPELLANT.

168 N. W. 2d 530

Filed June 6, 1969. No. 37015.

Russell R. Strom, for appellant.

Clarence A. H. Meyer, Attorney General, and James
J. Duggan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH,
SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

The defendant, Max Q. Snyder, was convicted by a
jury of exceeding the speed limit. The sole issue on
appeal is the sufficiency of the evidence as to the op-
erating efficiency and accuracy of radar equipment on
the particular occasion.

Several troopers of the Nebraska State Patrol set up
the radar equipment approximately 3 miles south of
Beatrice, Nebraska, on U. S. Highway No. 77 on July
28, 1967, at about 4:30 p.m. The radar unit was tested
at that time by use of a calibrated tuning fork and by a
speedometer check with a patrol car as it passed through
the radar field. On both comparative tests, the radar
equipment was found accurate. On termination of the
radar operation that night, another speedometer check
in a different cruiser brought identical results.

At approximately 8:40 p.m., the defendant's 1964
Chevy II white panel van was observed passing through

the radar field by the trooper operating the radar equipment. The radar meter reading was 73 miles per hour. The radar operator radioed one of the pursuit cars. The defendant's vehicle was stopped and a summons was issued to the defendant for speeding. The speed limit at the time and place was 65 miles per hour.

The defendant's testimony was that when he saw the patrol cars ahead, he checked his speedometer and it showed his speed to be 63 or 64 miles per hour. He also testified that he did not believe his 3-ton van would go more than 65 miles per hour loaded as it was. The defendant admitted that he had never had his own speedometer calibrated.

There was also testimony that the speedometer on one of the "run by" patrol cars had been calibrated on April 12, 1967, some 3 months before the occurrence, and that speedometer had also been checked with radar approximately every other week since that time.

By statute in this state, the speed of any motor vehicle may be determined by the use of radiomicrowaves or other electronic devices. The results of such determinations shall be accepted as prima facie evidence of the speed of such motor vehicle in any court or legal proceeding where the speed of the motor vehicle is at issue. See § 39-7,108.02, R. R. S. 1943. This statute has been in effect since 1955.

The defendant's position is that unless there is proof that the speedometers of the patrol cars were accurate and proof that the calibrated tuning fork was also accurate, there is insufficient proof that the radar equipment was accurate and functioning properly. In effect, the defendant's argument is that any comparative testing devices used to determine whether the particular radar equipment was accurate and functioning properly must themselves be proved accurate and functioning properly. We cannot agree. Such a chain of evidence might have to proceed ad infinitum.

In a case arising before the effective date of the radar

statute, this court held that radar evidence was admissible if a sufficient foundation was laid as to the accuracy of the equipment in operation. Testimony of an officer as to the speedometer reading of a car driven by him at a given time was held competent prima facie evidence of the speed of the car without requiring evidence as to the accuracy of the speedometer. See Peterson v. State, 163 Neb. 669, 80 N. W. 2d 688. A conviction on radar evidence where the accuracy test was based only on a drive through speedometer check was affirmed in Kucera v. State, 170 Neb. 368, 102 N. W. 2d 635. Some courts have held that the tuning fork test alone may be sufficient, at least in the absence of evidence of inaccuracy. See State v. Tomanelli, 153 Conn. 365, 216 A. 2d 625.

Reasonable proof that the particular radar equipment employed on a specific occasion was accurate and functioning properly is all that is required. Evidence that radar equipment was tested within a few hours. of its use, by means of a calibrated tuning fork, or by a comparison with the speedometer of a motor vehicle driven through the radar field, and was functioning properly, is sufficient evidence of the accuracy of the radar equipment.

The judgment is affirmed.

AFFIRMED.