David Wayne SHEARS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–81–177.

Court of Criminal Appeals of Oklahoma.

July 13, 1982.

Jack N. Shears, Ponca City, for appellant.

Jan Eric Cartwright, Atty. Gen., Michael Scott Fern, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

As his sole assignment of error, on appeal from his conviction of Speeding, in Payne County District Court, Case No. T–80–4606, the defendant, David Wayne Shears, argues that any testimony adduced from the radar speed detection device's readout is incompetent, because the testing devices used in verifying the accuracy of the radar unit had not been proven accurate themselves. This issue is one of first impression in our State.

The arresting officer testified that prior to stopping the defendant for speeding, (his patrol unit's radar device had registered the defendant's vehicle at a speed of sixty-seven m. p. h.,) he had performed two accuracy tests of the device. The first test was an external test whereby the officer verified the device's accuracy by striking a tuning fork, which was gauged so as to register a speed reading of 50 m. p. h. when held in front of a radar device. The second test he performed involved the utilization of an internal calibration unit within the radar device itself. Both tests indicated the device was accurate.

Further, he testified that he had received extensive training in the practical operation of the radar in patrol school, and had studied its use in the field with a veteran patrolman for thirty (30) days. This particular device was approximately fifteen (15) months old, had been personally installed by him, and had never registered incorrectly in its use. The tuning fork was also fifteen (15) months old, and to his knowledge it had never been dropped or damaged in any way.

The defendant is correct in stating that in *Harris v. State*, 383 P.2d 39 (Okl.Cr.1963), this Court agreed that:

[M]echanical devices are scientific instruments designed for obtaining results to prove the guilt or innocence of a defendant, in order to be admissible, require various degrees of evidence as to their scientific reliability.

It is also true that we have indicated in dictum that the accuracy of a particular radar unit may be determinative of a defendant's guilt or innocence. *Cantrell v. State*, 561 P.2d 973 (Okl.Cr.1977).

Generally, the cases which have considered issues relating to the admissibility and sufficiency of radar evidence have indicated that there are three basic prerequisites to a conviction of speeding based upon radar readings: (1) the scientific reliability of the radar speedmeter as a recorder of speed; (2) the accuracy of the particular speedmeter used in a given case; and (3) the proper operation of the radar equipment. 47 A.L.R.3d 822, "Proof, By Radar or Other Mechanical or Electronic Devices, of Violation of Speed Regulations."

Most states now agree that the usefulness of radar equipment for testing the speed of vehicles has become so well established that the testimony of an expert to prove the reliability of radar is no longer necessary, and that judicial knowledge of such fact may be taken by the courts. *Everight v. City of Little Rock*, 230 Ark. 695, 326 S.W.2d 796 (1959); *State v. Graham*, 322 S.W.2d 188 (Mo.App.1959); *Harper v. State*, 382 A.2d 263 (Del.Super.1978), and cases cited therein. Further, the officer need not be an expert in the science or theory underlying the functions of the instrument. *State v. Primm*, 606 P.2d 112 (Kan.App.1980), and cases cited therein.

As the Nebraska Court stated in dealing with the very issue before us:

In effect, the defendant's argument is that any comparative testing devices used to determine whether the particular radar equipment was accurate and functioning properly must themselves be proved accurate and functioning properly. We cannot agree. Such a chain of evidence might have to proceed ad infinitum. *State v. Snyder*, 184 Neb. 465, 168 N.W.2d 530 (1969).

In the instant case, the arresting officer testified that he had performed both an external test of accuracy using a calibrated tuning fork and an internal test using a component unit within the radar itself. Both tests indicated the radar was operating accurately, and no evidence was presented to suggest the radar device was operating otherwise. Cases have found both tuning forks and internal calibration devices to be acceptable means of proving radar accuracy. *Primm*, supra, and cases cited therein. Further, the officer's testimony regarding his classroom and field training, in regards to the particular radar unit in question, and his experience with said equipment, was sufficient to establish his qualifications to operate the device. We find that there was ample evidence presented to support the conviction.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P. J., concurs in results.

CORNISH, J., concurs.