**Dale L. JACKSON, Appellant,**

v.

**The CITY OF OKLAHOMA, Appellee.**

**No. M–83–530.**

Court of Criminal Appeals of Oklahoma.

March 20, 1984.

Dale L. Jackson, pro se.

Walter M. Powell, Municipal Counselor, Wiley Williams, Asst. Municipal Counselor, Oklahoma City, for appellee.

## OPINION

PER CURIAM:

Dale L. Jackson was tried in a non-jury trial in the Municipal Criminal Court of Oklahoma City for the offense of speeding.

Evidence was introduced that appellant was driving at a rate of forty-five miles per hour in a thirty miles per hour zone. He was found guilty and a fine of $30 was imposed.

■ Appellant first assigns error of the trial court in admitting evidence of speed as detected by a radar device. He claims such evidence is not admissible in Oklahoma. Appellant completely overlooks our opinion endorsing such evidence in *Shears v. State*, 648 P.2d 841 (Okl.Cr.1982). We held there that the readout of a radar device, which happened to be the same type of unit as used in the present case, was admissible if the device was shown to be operating accurately and that the officer using it was properly trained in its operation. Officer Richardson testified that he calibrated the hand-held K–15 radar device internally and externally at the beginning of his shift the day he issued a citation to appellant. He also testified that he received on the job training in the use of this equipment for six months. This information was sufficient to introduce evidence of appellant's speed as measured by the radar device.

In addition, the officer said he had been trained to, and actually did on this day, estimate speed by visual observation. He had estimated appellant's speed to be in excess of forty miles per hour before he observed the radar unit's readout. This evidence tends to corroborate the accuracy of the radar unit.

Appellant next contends that the trial court erred in limiting his cross-examination of Officer Richardson regarding details of the calibration tests he performed on the unit and of environmental conditions which may have affected the radar device. The officer testified to the subjects noted, but the trial judge limited the extent of cross-examination.

■ It is the general rule that the scope of cross-examination rests within the sound discretion of the trial court. Only in cases of clear abuse of this discretion, resulting in manifest prejudice, will this

Court reverse the trial court's decision. See *e.g.*, *Wells v. State*, 559 P.2d 445 (Okl. Cr.1977). This rule prevails in the present case; and, finding no manifest prejudice, this assignment must fail.

Next, appellant assigns as error the trial court's failure to sustain his demurrer to the City's evidence. His premise is that the City failed to prove that he had been speeding without the evidence of the radar unit's readout. However, we have held today that the trial court properly admitted this evidence. Upon a review of the record, we cannot agree with appellant that there was insufficient evidence to support his conviction. *Hubbard v. State*, 71 Okl.Cr. 373, 112 P.2d 174 (1941).

■ Finally, appellant claims he was denied due process in that:

1) he was not advised he had a right to the representation of an attorney;

2) an alleged misstatement of the law by the prosecutor in advising the municipal judge that radar device evidence is admissible; and,

3) that a defendant appearing pro se should be treated with extreme liberality in being advised of his rights.

Appellant provides no applicable authority in support of these alleged errors [22 O.S.1981, ch. 18, App.Rule 3.5(A)(5)], and number 2 has already been disposed of in this opinion. We will note that appellant was not required to make a "knowing and intelligent waiver" of counsel since there was no possibility of imprisonment. *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). We also note upon a review of the record that the trial court obliged the appellant great latitude in his pro se representation. Appellant failed to present evidence at all, and left the prosecution's evidence uncontroverted.

Finding no error warranting reversal or modification, judgment and sentence is AFFIRMED.