STATE OF NEBRASKA, APPELLEE, V. WILLIE LOMACK, JR., ALSO
KNOWN AS WILLIE LOMAC, JR., APPELLANT.

471 N.W.2d 441

Filed July 5, 1991.   No. 90-447.

John O. Frey, of Vestecka, Buethe & Frey, for appellant.

Robert M. Spire, Attorney General, and Barry Waid for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Defendant-appellant, Willie Lomack, Jr., was found guilty in the county court for Keith County, Nebraska, of operating his car at a speed of 74 miles per hour in a 65-mile-per-hour zone, in violation of Neb. Rev. Stat. § 39-662 (Reissue 1988). He was sentenced to pay a fine of $10 plus costs. He appealed to the district court for Keith County, where the judgment was affirmed. He then appealed to this court.

In this court, defendant assigns six errors, which may be summarized into three: (1) The trial court erred in admitting into evidence the results of a state trooper's Vascar unit as to defendant's speed, (2) the district court erred in determining that it was unable to review alleged errors in the trial court because there was no objection to the testimony of the arresting officer as to the speed of the car being driven by defendant, and (3) the trial court erred "in basing its judgment upon findings of fact which are clearly not supported by the evidence." Defendant does not contend the sentence was excessive. The objections are without merit, and we affirm.

The record shows that on November 19, 1989, at

approximately 7 p.m., Trooper Daniel Wilson of the Nebraska State Patrol observed defendant, who works as a safety specialist with the Nebraska Department of Roads, traveling eastbound in his 1989 Saab on Interstate 80 near the Roscoe interchange in Keith County. In Trooper Wilson's opinion, based on visual observation, defendant's vehicle was exceeding the speed limit. After following defendant's vehicle for approximately 4 miles and using a Vascar electronic speed measurement device to establish defendant's speed, Trooper Wilson stopped defendant and issued a citation alleging that defendant had been driving 74 miles per hour in a 65-mile-per-hour zone. The Vascar unit had indicated defendant's speed at 74.7 miles per hour. The trooper testified that the speedometer in his patrol car indicated he was traveling 75 miles per hour while he was following defendant and only one other vehicle was in the area during this time. Both the defendant and the trooper passed the other car.

As to defendant's first two summarized assignments of error, the record shows that the state trooper who arrested defendant was "trained in the visual estimation of speed of a vehicle" and passed a test on that knowledge. The trooper testified that he first became aware of a potential violation of law when he was going east on Interstate 80 and "noticed a pair of headlights approaching from the rear at a speed in excess of the posted speed limit on the interstate." As the trooper pulled off the Interstate at the Roscoe interchange exit, the car passed. The trooper observed the car for 15 to 30 seconds and testified that "the vehicle was traveling approximately 75 miles an hour at the time." This testimony was based on a simple observation by a witness trained in such observations. Defendant objected "on the grounds that he hasn't established the other item. He's referred to a period, but he did not refer to distance." Apparently, defendant thought this estimate was somehow based on a Vascar test. The objection was properly overruled.

The record then shows that the trooper further testified that he reentered the Interstate. He then testified as follows:

> I then proceeded to follow the dark colored saab for approximately 4 miles and ended the vascar following clock at the 141 overpass. During this distance I was

behind the black saab approximately one quarter mile to a half mile distance. When the black saab entered the second stationary point which was the 141 overpass, I shut off the time switch and as I reached that stationary point at the 141 overpass I shut off the distance switch. At that point my vascar unit displayed a target speed for the black saab at 74.7 miles per hour. This was also verified with my certified speedometer on my patrol car.

Q- This is how fast you were going and this is how fast your speedometer said you were going at the time you were following this vehicle?

A- Yes, sir. It read approximately 75 miles an hour.

There was no objection to this testimony. The district court did not err when it determined that no objection was made to the question about the use of the Vascar unit at the time that evidence was admitted at the trial. The evidence was properly before the trial court. If a party does not make a timely objection to evidence, the party waives the right to assert the court's reception of the evidence as error on appeal. *State v. Morrow*, 237 Neb. 653, 467 N.W.2d 63 (1991). Although it does not control our decision, we note that the record shows, in the direct and rebuttal testimony of the trooper, that the Vascar unit had been checked on the day of the arrest, both before and after the arrest.

There was no effective objection to the trooper's testimony about his visual observation of defendant's speed. That evidence was properly before the trial court. See *Herman v. Lee*, 210 Neb. 563, 316 N.W.2d 56 (1982).

There was no objection to the trooper's testimony that he also timed defendant's speed with the patrol car's speedometer, which speedometer had been certified at the time of the delivery of the car to the patrol 1 month before the time of the arrest. That evidence could properly be considered by the trial court. See *State v. Snyder*, 184 Neb. 465, 168 N.W.2d 530 (1969).

Defendant's first two summarized assignments of error are without merit.

With regard to the remaining assigned error, the evidence is not only sufficient, but overwhelming, to support defendant's conviction. Defendant's evidence to the contrary was that he

had set his cruise control on his Saab, which he had purchased in July 1989, at 65 miles per hour and had not changed his speed. Defendant further testified that he had found the speed control to be accurate over the months, but was unable to get it tested before trial because the car dealer's testing machine "needed to be repaired." The trier of fact was not persuaded by defendant's evidence and believed the State's evidence.

The order of the district court for Keith County, affirming the judgment of the county court, is affirmed.

AFFIRMED.