836 P.2d 569

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert E. KANE, Defendant–Appellant.**

No. 18878.

Court of Appeals of Idaho.

Aug. 27, 1992.

Robert E. Kane, pro se.

Larry J. EchoHawk, Atty. Gen., Kevin P. Cassidy, Deputy Atty. Gen. (argued), for plaintiff-respondent.

SWANSTROM, Judge.

Robert Kane appeals from the district court's memorandum opinion affirming the order of the magistrate finding him guilty of speeding in violation of I.C. § 49–654. Kane contends that the magistrate erred in denying his motion in limine wherein he requested that the court not take judicial notice of the general reliability of radar traffic devices. Kane argues that, because of numerous, substantial and recurring problems associated with these devices, evidence obtained from them should not be admitted, in particular, the results obtained in his case. We hold that the magistrate did not err in admitting evidence of speeding in this case, and we affirm.

Kane was cited for traveling at a speed of sixty-five miles per hour in a posted fifty-five mile per hour zone in Bonner County, Idaho. After a hearing on Kane's motion in limine, the magistrate denied the motion. At the conclusion of the trial, the magistrate found Kane guilty of speeding. Kane appealed the decision of the magistrate to the district court.

The district court held that the reliability of a radar device as a recorder of speed is a proper subject for judicial notice. The court then concluded that the accuracy of the particular radar device used in this case was proven, as was the proper operation of the unit, and affirmed the magistrate's decision. Kane in turn appealed from the district court's appellate decision.

■ After an interim appeal to the district court, the Court of Appeals will review the judgment entered by the magistrate by exercising free review and examining the record independently of the district court's decision. *State v. Moore,* 111 Idaho 854, 727 P.2d 1282 (Ct.App.1986). Accordingly, we will examine the magistrate's ruling on the reliability and admissibility of radar speedometer results in speeding prosecutions.

■ It is generally agreed that the reliability of radar to measure the speed of motor vehicles is a proper subject for judicial notice. Thomas J. Goger, Annotation, *Proof, by Radar or other Mechanical or Electronic Devices of Violation of Speed Regulations,* 47 A.L.R.3rd 822 (1973) (citing: *Everight v. Little Rock,* 230 Ark. 695, 326 S.W.2d 796 (1959); *People v. MacLaird,* 264 Cal.App.2d 972, 71 Cal.Rptr. 191 (1968); *People v. Walker,* 199 Colo. 475, 610 P.2d 496 (1980); *State v. Tomanelli,* 153 Conn. 365, 216 A.2d 625 (1966); *State v. Harper,* 382 A.2d 263 (Del.1978); *People v. Abdallah,* 82 Ill.App.2d 312, 226 N.E.2d 408 (1967); *State v. Primm,* 4 Kan. App.2d 314, 606 P.2d 112 (1980); *Honeycutt v. Commonwealth,* 408 S.W.2d 421 (Ky.1966); *State v. Arnheiter,* 598 A.2d 1183 (Me.1991); *Commonwealth v. Whynaught,* 377 Mass. 14, 384 N.E.2d 1212 (1979); *State v. Gerdes,* 291 Minn. 353, 191 N.W.2d 428 (1971); *State v. Graham,* 322 S.W.2d 188 (Mo.App.1959); *State v. Dantonio,* 18 N.J. 570, 115 A.2d 35 (1955); *People v. Magri,* 3 N.Y.2d 562, 170 N.Y.S.2d 335, 147 N.E.2d 728 (1958); *East Cleveland v. Ferell,* 168 Ohio St. 298, 154 N.E.2d 630 (1958); *Hardaway v. State,* 202 Tenn. 94, 302 S.W.2d 351 (1957); *Wilson v. State,* 168 Tex.Crim. 439, 328 S.W.2d 311 (1959); *State v. Doria,* 135 Vt. 341, 376 A.2d 751 (1977); *In re Bardwell,* 83 Wis.2d 891, 266 N.W.2d 618 (1978)).

It is manifest, moreover, that the principle involved need not be commonly known in order to be judicially noticed; it suffices if the principle is accepted as a valid one in the appropriate scientific community. In determining the intellectual viability of the proposition, of course, the judge is free to consult any sources that he thinks are reliable, but the extent to which judges are willing to take the initiative in looking up the authoritative sources will usually be limited.

\*    \*    \*    \*    \*    \*

And, it should be noted, after a number of courts take judicial notice of a principle, subsequent courts begin to dispense with the production of these materials and to take judicial notice of the principle as a matter of law established by precedent. [Footnotes omitted.]

J.W. STRONG, MCCORMICK ON EVIDENCE § 330 (4th ed. 1992). On the basis of decided cases in other jurisdictions, and in the absence of a relevant statute, we accept the general reliability of radar traffic devices. *State v. Garrett,* 119 Idaho 878, 811 P.2d 488 (1991).

At the trial, Kane cross-examined Officer Yount who testified about the operation of the MPH K–55 radar unit which was used to clock Kane's speed. The officer also testified that he had checked the unit's internal calibration to test whether the unit was working properly and accurately and that he had activated the radar to confirm his visual estimate of the speed of Kane's vehicle. Kane testified, based on his experience as an electrical engineer, that any number of factors can affect the results of radar traffic devices.

■ Kane's challenge on appeal, however, is limited to the general acceptability of radar traffic devices. He makes no claim that the particular unit used by the officer against Kane was defective, faulty or improperly operated. The question of the accuracy of the radar unit was addressed by the officer's testimony that he

was qualified to operate the machine, that the unit was properly maintained and that it was used correctly. It is necessary that these questions be proved in each speeding prosecution.

We hold, therefore, that the magistrate did not err in admitting the radar results in this case as evidence that Kane was traveling at an excessive rate of speed. We affirm the decision of the magistrate finding Kane guilty of speeding.

WALTERS, C.J., and SILAK, J., concur.