## State of Vermont v. Anthony N. Doria

[376 A.2d 751]

No. 185-74

Present: **Barney, C.J., Daley, Larrow and Hill, JJ.**

Opinion Filed June 7, 1977

*Michael J. Sheehan,* Windsor County State's Attorney, White River Junction, for Plaintiff.

*Anthony N. Doria,* South Royalton, pro se, for Defendant.

**Larrow, J.** Appellant Doria was convicted of driving in excess of the legal speed limit, *i.e.,* 72 m.p.h. in a 55 m.p.h. zone, after trial by court and appropriate findings. He appeals that conviction, filing a skeletal brief, pro se, without citations, in which he argues, as best we can ascertain, two issues. The first is a claimed error by the trial court in taking judicial notice of the accuracy of a properly functioning radar unit operated by an experienced operator; the second is a claimed defect in proof

that the unit in question had been properly calibrated. On the trial record both issues are quickly decided, a fortunate circumstance since little assistance is afforded by the State's brief, which also cites no cases despite a large number reported on the subject, and refers to only two authorities, one incorrectly and the other of only peripheral relevance.

As to the first claim of error, appellant misstates the judicial notice taken by the court, claiming it encompassed the operating accuracy of the radar unit in question. Our examination of the record reveals this is not the case, and that judicial notice as taken extended only to the accuracy of a properly functioning unit in the hands of an experienced operator. The reported cases from other jurisdictions support judicial notice of the general reliability of radar speedmeters as devices for measuring speed of an auto, without expert testimony of underlying nature, function or scientific principes. *State* v. *Dantonio,* 18 N.J. 570, 115 A.2d 35 (1955); *People* v. *Magri,* 3 N.Y.2d 562, 147 N.E.2d 728, 170 N.Y.S.2d 335 (1958); *City of East Cleveland* v. *Ferell,* 168 Ohio St. 298, 154 N.E.2d 630 (1958); Annot., 47 A.L.R.3d 822, 831 et seq. (1973); 7 Am.Jur.2d *Automobiles and Highway Traffic* § 327. We are in agreement with those decisions. Universal acceptance of radar for clocking automobiles has rendered expert evidence in each case an anachronism; the judicial notice taken by the trial court was appropriate and without error.

The second claim of error might have more merit, had it been raised below. The accuracy of a particular piece of radar equipment, as distinguished from general reliability, ordinarily requires more than judicial notice. *State* v. *Tomanelli,* 153 Conn. 365, 216 A.2d 625 (1966). The test usually referred to in the decided cases is performed by clocking, before and after each day of radar use, an auto with carefully tested speedometer operated through the radar range, and then comparing speedometer and radar readings. No such evidence was here introduced, although the arresting officer did testify to testing the instrument with a tuning fork, evidently a part of the machine's equipment. We are not required to pass upon the sufficiency of this testing, quite fortunately in light of the inadequate briefing. The respondent, a former law school dean although not admitted to the bar, failed to raise below the issue he now tries to assert. He did not object to the evidence as it

came in although he did cross-examine with respect to it; he made no motion to strike it; he made no motion to amend the findings or for new trial. Points not raised below will not be considered for the first time on appeal. *LaFountain* v. *Vermont Employment Security Board*, 133 Vt. 42, 330 A.2d 468 (1974); *Town of Manchester* v. *Cherbonneau*, 131 Vt. 107, 300 A.2d 548 (1973). The claimed error does not reach any of the proportions of the "egregious error" mentioned in *State* v. *Morrill*, 127 Vt. 506, 511, 253 A.2d 142 (1969), as warranting appellate review although not raised below, even were it adequately briefed in this Court. No error appears.

*Judgment affirmed.*