## Cecil and Barbara Morse v. Bernard W. King, Marion Hodgdon, and Francis Whitcomb and Bernard King v. Town of Woodbury

[398 A.2d 299]

No. 19-78

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed February 6, 1979

*George K. Belcher* of *Kilmurry & Stone Associates, Inc.*, Montpelier, for King.

*Ryan & Ryan,* Montpelier, for Whitcomb.

*Robert J. Kurrle,* Montpelier, for Town of Woodbury.

**Daley, J.** This appeal arises out of a judgment entered in an action brought by the plaintiffs to determine ownership of a parcel of land. Defendants King and Hodgdon acquired the property by tax collector's deed and conveyed it, by warranty deed, to the plaintiffs. Defendant Whitcomb claimed to hold superior title. The tax collector's deed contained the following language:

> I hereby agree to engage to warrant and defend the same against lawful demands of all persons as far as my authority as tax collector will justify and no further.

Apparently relying upon these words of warranty, King filed a third party complaint against the Town of Woodbury for monetary damages suffered as a result of the primary action.

In its judgment order, the trial court declared Whitcomb to be the holder of superior title to the land in question. In addition, all claims to the property by the plaintiffs and defendants King and Hodgdon were extinguished, the plaintiffs were awarded monetary damages against King and Hodgdon, and the third party complaint was dismissed. King appeals that portion of the judgment order dismissing his complaint.

The basis for dismissal is contained in the trial court's notice of decision. "The tax collector exceeded his authority by including the purported covenant of warranty and therefore the same is not binding upon the Town." The only issue raised before us is the liability of the Town. We find none and affirm.

The sale of the lands was for nonpayment of real estate taxes assessed on the grand list. In *Brown* v. *Austin,* 41 Vt. 262, 270 (1868), a case arising under a statute that required a tax collector's deed to contain a covenant of warranty, the Court said that in the absence of such a statute, "the land is sold to pay a tax against the owner, and his title or that of those claiming under him, is all that could be legally sold."

The collection of taxes, including the sale of lands for delinquent taxes, is totally governed by statute. 32 V.S.A. § 5261 provides in material part that when land sold at a tax sale is not redeemed the collector shall execute to the purchaser a deed which shall convey to him a title against the person for whose tax it was sold and those claiming under him. Section 5261 does not

contemplate that a collector's deed shall be one of warranty. Under its terms the purchaser at a tax sale gets no better title than was held by the person against whom the tax was assessed. In this case, the person against whom the tax was assessed held defective title to the land in question.

In the absence of legislation to the contrary, a purchaser at a tax sale buys strictly under the rule of *caveat emptor*. Thus, without specific statutory authority, a warranty contained in a tax deed is of no force and effect. Similarly, absent a statutory provision, there is no warranty on the part of the public body making the sale. 72 Am. Jur. 2d *State and Local Taxation* § 1032. For this reason, we need not pass upon the appellant's claim of liability based upon the principal and agent doctrine.

The appellant would have us hold the Town liable under 24 V.S.A. § 834, which provides:

A town shall make good the pecuniary damages which may accrue to a person by the neglect or default of the town clerk or constable of such town, to be recovered in an action of tort under this statute.

This we will not do, for although the action of tort has been abolished, the appellant's complaint was not brought under the statute and the claim is made here for the first time. *State* v. *Doria,* 135 Vt. 341, 343, 376 A.2d 751, 753 (1977); *LaFountain* v. *Vermont Employment Security Board,* 133 Vt. 42, 48, 330 A.2d 468, 472 (1974). Furthermore, the appellant's claim is not based upon any neglect or default of a constable or town clerk as required by the statute but on the neglect of a tax collector, a public official not covered by the statute.

*Judgment affirmed.*