## State of Vermont v. James P. Amarantes

[465 A.2d 1383]

No. 82-507

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed September 6, 1983

*Robert Butterfield,* Caledonia County Deputy State's Attorney, St. Johnsbury, for Plaintiff-Appellee.

*James P. Amarantes,* pro se, Tiverton, Rhode Island, Defendant-Appellant.

**Underwood, J.** Defendant appeals from a conviction of exceeding the speed limit. 23 V.S.A. § 1004. He argues that (1) the court erred by denying his motion to dismiss, and (2) the State failed to prove beyond a reasonable doubt that his vehicle was within the "zone of influence" of the radar unit. We disagree with both of defendant's contentions and affirm.

Briefly stated, the facts are as follows. On July 4, 1982, defendant was stopped by a state trooper and issued a traffic

ticket for exceeding the speed limit. The uniform traffic ticket issued to defendant states that his speed was recorded at 69 miles per hour in a 55 mile per hour zone. Pursuant to the directions set forth on the reverse side of the traffic ticket, defendant entered a plea of not guilty, and opted to have his trial by court and to represent himself.

Prior to trial, defendant wrote two letters to the state's attorney requesting permission to enter the median strip where the radar unit was located at the time he was stopped for speeding, for the purpose of taking photographs and measurements. Defendant was under the impression that he could be prosecuted if he entered upon the median strip without the permission of the state's attorney. The state's attorney did not respond to defendant's requests.

On September 23, 1982, defendant's trial was held. He appeared and moved for dismissal on the grounds that he had been unable to prepare his defense because the state's attorney had not given him permission to enter onto the median strip. The court denied defendant's motion, ruling that entry upon the median strip was not "a proper matter of discovery for the State's Attorney" inasmuch as that office lacked authority to provide such permission. Following its ruling, the court offered defendant a continuance so that he could complete his discovery. Defendant, however, chose to proceed to trial.

At trial, the State's case consisted entirely of the testimony of the trooper who issued defendant the traffic ticket. He testified to the facts of the case and to his experience, training, and operation of the radar unit employed by him to record defendant's speed. Defendant did not contest the accuracy of the radar equipment or the qualifications of the state trooper who operated it. Defendant offered no evidence by way of a defense other than to take the stand to explain what he understood about the operation of radar devices, and further to complain about the failure of the state's attorney to respond to his request to enter the median strip. Following the close of the evidence, the court found the defendant guilty and imposed a $28 fine.

### I.

Defendant's first claim of error, that the court improperly denied his motion to dismiss, actually consists of two argu-

ments: (1) that the State's failure to respond to his request for entry upon the median strip is grounds for dismissal; and (2) that the court's offer of a continuance did not cure this error since it would have necessitated more than one court appearance by an out-of-state defendant, thereby creating an obstruction of justice.

With respect to the former, we note that V.R.Cr.P. 16(a)(2) limits the scope of a criminal defendant's discovery to "material or information within the prosecuting attorney's possession, custody, or control." Median strips do not constitute material within the "possession, custody or control" of the state's attorney in whose county they are situated. The state's attorney had no authority to grant defendant permission to enter onto the median strip. Thus, defendant's request that he do so was not discoverable pursuant to V.R.Cr.P. 16.* See *State* v. *Heald*, 393 A.2d 537, 541 (Me. 1978). The appropriate governmental agency to which defendant should have directed his request is the Department of Public Safety. See 20 V.S.A. §§ 1813(1) and 1872.

In any event, even if the median strip was discoverable pursuant to V.R.Cr.P. 16, the trial court did not err by denying defendant's motion to dismiss. V.R.Cr.P. 16.2(g)(1) provides that when material that is discoverable under V.R.Cr.P. 16 is not disclosed, "the court may order [the nondisclosing party] to permit the discovery of material and information not previously disclosed, grant a continuance, or enter such other order as it deems just under the circumstances." In the instant case, defendant was provided by the court with the option to proceed to trial on a future date, thus giving him the time needed to complete discovery. This remedy is authorized by V.R.Cr.P. 16.2(g)(1) and as such was proper.

Defendant next argues in regard to the discovery issue that

---

* Despite our holding, we note that it was both discourteous and unprofessional for the state's attorney not to have written a letter to this pro se defendant informing him that he had no authority to grant his request. Moreover, although the discovery rules do not require it, "as a matter of good practice prosecutors should follow the guidelines of ABA Minimum Standards § 2.4 in seeking to make available upon defendant's request material that is under the control of other agencies of the State." Reporter's Notes, V.R.Cr.P. 16.

the failure of the State to respond to his request operated so as to cause an "obstruction of justice." Specifically, defendant claims that he was entitled to have his case decided in the course of one visit to Vermont. He argues that this right was violated since had he agreed to a continuance he would have been required to make a subsequent trip to Vermont. In support of his position, he states that it can be inferred from the Plea and Waiver Form on the reverse side of the Vermont uniform traffic ticket that only one court appearance is required if the defendant selects the option of a trial by judge. He bases this argument on that portion of the form which asks recipients who plead not guilty whether they would like their trial by judge or by jury, and then states in parenthesis, "I understand a Jury Trial will require two appearances in Court."

There is no authority whatsoever for defendant's claim that he had a right to have his case decided in one visit to Vermont. Nor will this Court infer such right from the above quoted language on the Plea and Waiver Form. Thus, we reject defendant's argument.

## II.

Defendant next argues that the State failed to prove beyond a reasonable doubt that his car was within the zone of influence of the radar unit. This argument is without merit.

The court below properly took judicial notice of the general reliability of radar speedmeters as devices for measuring speed of an auto. *State* v. *Doria,* 135 Vt. 341, 342, 376 A.2d 751, 752 (1977). The arresting officer then testified that he was certified to operate the radar unit, and that he had calibrated the unit to ensure that it was operating correctly before he came in contact with defendant. He further testified that defendant's vehicle was two-tenths of a mile from the radar unit when it was clocked at 69 miles per hour. From this evidence the court, sitting as the trier of fact, concluded that the radar unit utilized by the officer was accurate and that defendant was guilty of exceeding the legal speed limit of 55 miles per hour. The evidence was sufficient to support such findings and therefore must stand.

*Affirmed.*