### Green Mountain Fence Co., Inc. v. John and Linda Vigario

[510 A.2d 1316]

No. 84-456

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed April 11, 1986

*Vincent Illuzzi, Michael R. Loignon,* and *Susan A. Davis,* Law Clerk (On the Brief), of *Vincent Illuzzi & Associates,* Orleans, for Plaintiff-Appellant.

*Gensburg & Axelrod,* St. Johnsbury, for Defendants-Appellees.

**Per Curiam.** Plaintiff, Green Mountain Fence Company, Inc., sought to evict defendants, tenants in the Barton apartment house which is the subject of this litigation. The superior court held that plaintiff lacked a valid claim to the premises, and entered judgment for defendants. We affirm.

Plaintiff purchased its interest in the premises from the United States government. The United States, in turn, traces its title from a party who purchased the property at a properly noticed Barton tax sale conducted on June 15, 1982. On October 8, 1982, the United States obtained title from the Barton tax sale purchaser for the purpose of protecting its interest in two federal tax liens that had been placed on the property prior to the Barton sale. On June 13, 1983, after the purchase by the United States, but less than a year after the Barton tax sale, the holder of a senior mortgage on the property tendered the appropriate amount to the Barton tax collector, and redeemed the property pursuant to 32 V.S.A. § 5260. That section allows a redemption by the owner or mortgagee of lands sold for taxes, or by his representatives or assignees, within one year from the day of sale. *Id.*

Plaintiff argues that the redemption by the United States was timely and proper and created an unassailable title, which plaintiff then purchased. On the other hand, defendants contend that the redemption by the United States was premature and that the federal government had no interest to convey when it quitclaimed the Barton property to the plaintiff. Defendants argue that the mortgagee remained free to redeem his interest and perfect title.

Under 26 U.S.C. § 7425(d), upon a nonjudicial sale of real property to satisfy a lien prior to that of the United States, the United States may redeem within 120 days from the date of

such sale "or the period allowable for redemption under local law, whichever is longer." See *San Miguel Investment Co.* v. *United States*, 48 A.F.T.R.2d (P-H) ¶ 81-5436 (D. Colo. 1981). When the United States redeemed on October 8, 1982, the time had not yet expired for the senior mortgage holder to redeem under 32 V.S.A. § 5260. Consequently, the federal government's 120-day period had not yet begun to run. Its redemption effort was premature. The federal government's interest in the premises was limited to the quality of the title held by its predecessor, the purchaser at the Barton tax sale. This purchaser, in turn, got "no better title than was held by the person against whom the tax was assessed." *Morse* v. *King*, 137 Vt. 49, 51, 398 A.2d 299, 301 (1979). At the time of the assessment, the property was encumbered by a mortgage. The timely redemption by the mortgagee on June 13, 1983 extinguished the interest of the purchaser at the tax sale (the very purpose of redemption), extinguished the interest of the United States, whose title derived from the purchaser at the tax sale, and, finally, extinguished any claim to title in the plaintiff, which received its interest from the United States.

The trial court properly entered judgment for defendants.

*Affirmed.*